**FILED**
Sep 19 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AKR DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**
SEP 19 2018
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOLLY HALL; et al.,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC.,<br><br>    Defendant - Appellee. | No. 16-55845<br><br>D.C. No. 3:15-cv-00660-CAB-RBB<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered August 28, 2018, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Craig Westbrooke
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOLLY HALL; PAUL DANNER; VALERIE SIMO; JOYCE KUHL; ELAINE BROWNE, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SEAWORLD ENTERTAINMENT, INC., <br><br> Defendant-Appellee. | No.  16-55845 <br><br> D.C. No. 3:15-cv-00660-CAB-RBB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted March 12, 2018
Submission Withdrawn May 14, 2018
Resubmitted August 28, 2018
San Francisco, California

Before: WALLACE and CALLAHAN, Circuit Judges, and SELNA,[**] District Judge.

Holly Hall and other named plaintiffs (collectively, "Plaintiffs"), each of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

whom is seeking to represent one of three separate nationwide classes, appeal from the dismissal of their Second Consolidated Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs allege that SeaWorld Entertainment, Inc. ("SeaWorld") failed to disclose to park guests (and would-be park guests) facts about SeaWorld's treatment of its orcas. Based on the alleged omissions, Plaintiffs assert claims under consumer protection statutes of California, Florida, and Texas and claims for unjust enrichment under Florida and Texas law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a Rule 12(b)(6) dismissal de novo and the denial of leave to amend a complaint for abuse of discretion. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

On appeal, the California Plaintiffs challenge only the dismissal of their claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200–17210 ("UCL"). They assert theories based on both the "fraudulent" and "unlawful" prongs of the UCL. The critical issue for Plaintiffs' "fraudulent" prong theory is whether SeaWorld had a duty to disclose the information Plaintiffs claim SeaWorld omitted. The broad duty to disclose proposed by Plaintiffs is not supported by any California or Ninth Circuit precedent. In their merits briefing, Plaintiffs relied heavily on *Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164, 1169 (2015), *as modified on denial of reh'g* (Aug. 21, 2015). However,

interpreting *Rutledge* and other California decisions, we recently held that, for a fraud by omission claim under California's consumer protection laws, the omitted fact "must relate to the central functionality of the product." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 863 (9th Cir. 2018).

Plaintiffs attempt to distinguish *Hodsdon* on the ground that SeaWorld sells services (specifically, entertainment), not a manufactured product. But they offer no authority or persuasive argument in support of their position. We hold that there is no meaningful distinction between the sale of goods and services for purposes of the seller's duty to disclose. Plaintiffs do not allege any omitted flaw in the orca performances or any other aspect of their attendance at SeaWorld parks. Rather, the alleged omissions concerning the treatment of orcas reflect Plaintiffs' "subjective preferences," which do not relate to the central functionality of SeaWorld's services. *See Hodsdon*, 891 F.3d at 864.

Plaintiffs offer no explanation of how they could amend their complaint to properly allege a duty to disclose under the limited duty discussed above. Indeed one prior attempt to cure has failed. Accordingly, the district court did not abuse its discretion in denying leave to amend.

As the basis for their theory of liability under the UCL's "unlawful" prong, the California Plaintiffs allege SeaWorld violated California Penal Code § 597(b), one of California's animal cruelty statutes. Although Plaintiffs allege facts

3

suggesting SeaWorld violated this statute,[1] the district court rejected this theory because the SAC "does not allege . . . that SeaWorld's alleged violation of Section 597(b) caused or resulted in the injury Plaintiffs allege here." Since a 2004 amendment to the UCL, private individuals have standing to pursue a UCL claim only if they have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Plaintiffs thus must allege both a violation of the animal cruelty statute and "a causal connection between the harm suffered and the unlawful business activity." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007), *as modified on denial of reh'g* (July 3, 2007).

We agree with the district court. Other than Plaintiffs' problem with the general idea of orcas being in captivity at all, nothing in the SAC suggests that SeaWorld's violation of § 597(b) "caused" Plaintiffs' economic injury. *Two Jinn, Inc. v. Gov't Payment Serv., Inc.*, 233 Cal. App. 4th 1321, 1333 (2015); *see Daro*,

---

[1] The following allegations appear to state a violation of § 597:

SeaWorld's entire behavioral training scheme rests upon the fundamental reality of SeaWorld's monopoly over food and hydration for these animals. When the training and positive reinforcement fail to deliver the uninterrupted compliance demanded by SeaWorld for its public performance shows, SeaWorld resorts to depriving the orcas of food. . . . In fact, this deprivation has occurred, and occurs, with respect to several orcas over not just one day, but several days and even weeks.

151 Cal. App. 4th at 1099 ("That causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law."). Rather, Plaintiffs contend that had they known about the alleged mistreatment of orcas, they would *not* have purchased the tickets they cite as the source of their economic injury. In effect, then, to the extent SeaWorld's violation of § 597(b) could be said to have a causal effect on Plaintiffs' behavior, that effect would be to allow Plaintiffs to avoid the alleged injury. This lack of causal connection between the claimed legal violation and Plaintiffs' economic injury means that Plaintiffs cannot state a UCL claim based on SeaWorld's alleged violation of § 597(b).[2]

We disagree with the dissent that the district court was required to grant leave to amend this claim. Although "[t]he standard for granting leave to amend is generous," *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011), "leave to amend is not to be granted automatically," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Here, amendment would be futile because

---

[2] The single unpublished district court decision Plaintiffs rely on, *Animal Legal Defense Fund v. Great Bull Run, LLC*, No. 14-CV-01171-MEJ, 2014 WL 2568685 (N.D. Cal. June 6, 2014), is inapposite. *See id.* at *5–6 (holding that the plaintiff had standing under the UCL as a public advocacy organization because the defendant's practices were "inimical to [the plaintiff's] missions" and the plaintiff diverted organizational resources for the specific purpose of investigating the defendant's illegal conduct).

the complaint "makes clear" that Plaintiffs' injury was caused by SeaWorld's alleged fraudulent omissions, not by an alleged violation of § 597(b). *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Any additional allegations to cure the deficiencies of this claim—including those proffered by the dissent—would "contradict the allegations in the original complaint," and would therefore be insufficient to make the claim viable. *Corinthian Colls.*, 655 F.3d at 995. Accordingly, dismissal without leave to amend was proper.[3]

Based on the same conduct forming the basis of the California Plaintiffs' claim under the "fraudulent" prong of the UCL, the Florida Plaintiffs assert a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–501.213 ("FDUTPA"), and the Texas Plaintiffs assert a claim under the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41–17.63 ("TDTPA"). The FDUTPA and TDTPA claims fail for the same reasons that the UCL fraud claim fails. The FDUTPA (like the UCL) was patterned after the Federal Trade Commission Act ("FTC Act"), and it incorporates, in its definition of what constitutes a violation, "[t]he standards of

---

[3] In a footnote, Plaintiffs assert, without any supporting reasoning, that the alleged violation of § 597(b) supports a theory of liability under the "unfair" prong of the UCL. We decline to address this argument that Plaintiffs failed to raise in the body of their brief. *See Hilao v. Estate of Marcos*, 103 F.3d 767, 787 (9th Cir. 1996) ("The summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal. We therefore decline to consider this issue." (citations omitted)).

unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts." Fla. Stat. § 501.203(3)(b).  In interpreting the materiality requirement for omission claims under the FTC Act, we have rejected a broad duty to disclose.  *F.T.C. v. Simeon Management Corp.*, 532 F.2d 708, 716 (9th Cir. 1976).  Consistent with the California Court of Appeal's interpretation of the UCL in *Rutledge* and our decision in *Hodsdon*, the FTC has stated that for omission claims under the FTC Act, the omitted facts "are material if they pertain to the central characteristics of the product, such as its safety, cost, or fitness for the purpose sold."  *In the Matter of Int'l Harvester Co.*, 104 F.T.C. 949, 1057 (1984).

   Likewise, Plaintiffs cite no authority suggesting the requirement of materiality under the TDTPA is any broader than how California courts and the Ninth Circuit have interpreted materiality under the UCL.  And the TDTPA's requirement that the omitted information "concern[] goods or services" is consistent with the limitations on the duty to disclose under the UCL as recognized by California courts and our court.  *See* Tex. Bus. & Com. Code § 17.46(b)(24). For the reasons discussed above, Plaintiffs' allegations do not concern a central feature of the entertainment experience they purchased when buying a ticket to a SeaWorld park.

   The claims for unjust enrichment under both Florida and Texas law are

tethered to the Plaintiffs' fraud-based claims. Because the alleged conduct is not fraudulent as a matter of law, there is no inequity to be rectified. The unjust enrichment claims thus fail.

**AFFIRMED.**

8

FILED

AUG 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Holly Hall et al. v. SeaWorld Entertainment, Inc.*, No. 16-55845

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I concur in all but one aspect of the majority disposition. Although I agree that, based on the allegations in the operative complaint, the California Plaintiffs' "unlawful" prong theory does not satisfy the causal nexus requirement for standing under the California Unfair Competition Law ("UCL"), I would reverse the district court's denial of leave to amend on that theory.

The required causal connection for standing under the UCL is illustrated in *Aron v. U-Haul Co. of California*, 143 Cal. App. 4th 796 (2006). In *Aron*, the plaintiff sued a rental truck company, claiming the defendant required customers to purchase excess fuel when returning a rental truck but it did not provide reimbursement. *Id.* at 800–02. The plaintiff thus lost money (the purchase of excess fuel) as a result of the alleged unfair business practice. *Id.* at 802–03.

Plaintiffs' theory of a causal connection is not as clear-cut as the causal connection in *Aron*. Plaintiffs do not allege a direct causal relationship between the asserted animal cruelty and the purchase of their tickets. *See Two Jinn, Inc. v. Gov't Payment Serv., Inc.*, 233 Cal. App. 4th 1321, 1333 (2015) ("[T]o pursue a UCL claim, the plaintiff must show that the practices that it characterizes as unlawful caused it to suffer an actual economic injury."). The closest the operative complaint comes to articulating a causal connection is the allegation that SeaWorld

deprives orcas of food for non-compliance with the behavioral demands related to the Shamu Shows together with Plaintiffs' allegation that the orcas' performances are the "centerpiece" of the parks' attractions. I agree with the majority that this is not sufficient to plead the required causal connection. However, Plaintiffs likely have standing if they can plead and prove that they purchased their tickets to SeaWorld because of the orcas' performances at the Shamu Shows (or that they paid a premium because of the performances) and that the alleged conduct in violation of the animal cruelty statute was integral to the production of the orcas' performances. Although the connection between the alleged violation and Plaintiffs' economic harm is inadequately pleaded, it is not clear that amendment to cure would be futile. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Under futility analysis, '[d]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.'" (alteration in original)).

I respectfully dissent only as to the denial of leave to amend the "unlawful" prong theory of the California Plaintiffs' UCL claim.